1    Jordan L. Lurie (SBN 130013)
     Jordan.Lurie@capstonelawyers.com
2    Robert K. Friedl (SBN 134947)
     Robert.Friedl@capstonelawyers.com
3    Tarek H. Zohdy (SBN 247775)
     Tarek.Zohdy@capstonelawyers.com
4    Cody R. Padgett (SBN 275553)
     Cody.Padgett@capstonelawyers.com
5    Capstone Law APC
     1840 Century Park East, Suite 450
6    Los Angeles, California 90067
     Telephone:    (310) 556-4811
7    Facsimile:    (310) 943-0396

8    Attorneys for Plaintiff Paul Karcsay

9                        UNITED STATES DISTRICT COURT

10                     SOUTHERN DISTRICT OF CALIFORNIA

11

12
     PAUL KARCSAY, individually, and on       Case No.:  **'15CV2110 BAS MDD**
13   behalf of a class of similarly situated
     individuals,                             **CLASS ACTION COMPLAINT FOR:**
14
                  Plaintiff,                   (1)    Violations of Unfair Competition Law; and
15
           v.                                  (2)    Breach of Implied Warranty pursuant to
16                                                    Song-Beverly Consumer Warranty Act
     VOLKSWAGEN GROUP OF AMERICA,
17   INC., a New Jersey Corporation,

18                Defendant.                   **DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      Plaintiff Paul Karcsay ("Plaintiff") brings this action for himself and on behalf of all persons in California who purchased or leased any Volkswagen or Audi vehicles equipped with 2.0 liter TDI diesel engines (collectively, "Class Vehicles")[1] designed, manufactured, marketed, distributed, sold, warranted, leased, and serviced by Volkswagen Group of America, Inc. ("Volkswagen" or "Defendant").

2.      Since beginning production of the Class Vehicles, Volkswagen has made false representations regarding the fuel efficiency and quality of emissions systems of the Class Vehicles.  Volkswagen touted its commitment to "making vehicles that are eco-conscious" by producing the Class Vehicles with "clean diesel" engines that were comparable in fuel-efficiency to hybrid vehicles, yet maintained the more powerful drivability of petrol or gasoline engines.

3.      However, in or around September 2015, federal and state government agencies revealed that Volkswagen installed software devices, known as "defeat devices," into the Class Vehicles that detects when the vehicles are undergoing emissions testing and manipulates the results by engaging otherwise disengaged emissions control systems ("Emissions Manipulation").  When the Class Vehicles are not undergoing emissions testing, the disengaged emissions control systems allow for emissions of as much as 40 times the pollution permitted under the Clean Air Act.  If the emissions control systems equipped in the Class Vehicles remain engaged at all times, the Class Vehicles would be less fuel-efficient and less powerful.

4.      On information and belief, Defendant designed, manufactured, distributed, marketed, sold, and leased vehicles equipped with 2.0 liter TDI diesel engines, and the Emissions Manipulation is the same for all Class Vehicles.

5.      Further, on information and belief, Defendant's corporate officers, directors, or

---

[1] On information and belief, these vehicles include, but are not limited to, the following Volkswagen and Audi diesel models: 2009-2015 Volkswagen Jetta, 2009-2015 Volkswagen Beetle, 2009-2015 Audi A3, 2009-2015 Volkswagen Golf, and 2012-2015 Volkswagen Passat.

managers knew about the Emissions Manipulation and failed to disclose it to Plaintiff and Class Members, at the time of sale, lease, repair, and thereafter.

6. Because Volkswagen will not notify Class Members of the deceptive devices installed in the Class Vehicles' emissions control systems to prevent detection of actual emissions, Plaintiff and Class Members are and continue to be deceived by Volkswagen.

7. The Emissions Manipulation is inherent in the Class Vehicles and was present in each Class Vehicle at the time of sale, unbeknownst to the Plaintiff and Class Members.

8. Volkswagen knew about the Emissions Manipulation that was present in every Class Vehicle, and intentionally and deliberately concealed them from Plaintiff and Class Members, at the time of sale, lease, and repair and thereafter.

9. As a result of their reliance on Defendant's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of the Class Vehicle.  Additionally, as a result of the Emissions Manipulation, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles continue to, and will continue to, experience the effects of the Emissions Manipulation throughout the life of the Class Vehicles, unless the defect is resolved.

**PARTIES**

**PLAINTIFF PAUL KARCSAY**

10. Plaintiff Paul Karcsay is a California citizen who resides in Cardiff-by-the-Sea, California.

11. On or around May 22, 2015, Plaintiff purchased a 2015 Volkswagen Golf SportWagen TDI SEL equipped with a 2.0 liter diesel engine from Cardinaleway Volkswagen, an authorized Volkswagen dealer located in Riverside County, California.

12. Plaintiff purchased his vehicle primarily for personal, family, or household use. Volkswagen manufactured, sold, distributed, advertised, marketed, and warranted the vehicle.

13. Fuel efficiency, vehicle performance, environmental safety, and reliability were factors in Plaintiff's decision to purchase his vehicle.  Prior to purchasing his vehicle, Plaintiff

1  reviewed the vehicle on Volkswagen's official website and spoke to Volkswagen

2  representatives regarding the benefits of a "clean diesel" engine.

3          14.     Had Volkswagen disclosed the Emissions Manipulation before Plaintiff

4  purchased his vehicle, Plaintiff would have seen such disclosures and been aware of them.

5  However, Volkswagen misrepresented the vehicles' emissions and omitted the vehicle's

6  utilization of the defeat device prior to Plaintiff's purchase of his Class Vehicle.  Indeed,

7  Volkswagen's omissions and misrepresentations were material to Plaintiff.  Plaintiff would

8  not have purchased his Class Vehicle, or would have paid less, had he known of the Emissions

9  Manipulation.

10         15.     At all times, Plaintiff, like all Class Members, has driven his vehicle in a

11  foreseeable manner and in the manner in which it was intended to be used.

12  **DEFENDANT**

13         16.     Defendant Volkswagen Group of America, Inc. is a corporation organized and

14  in existence under the laws of the State of New Jersey and registered to do business in the

15  State of California.  On information and belief, at all relevant times herein, Volkswagen

16  Group of America, Inc., was engaged in the business of designing, manufacturing, marketing,

17  distributing, and selling automobiles and other motor vehicles and motor vehicle components

18  throughout the United States of America.

19         17.     At all relevant times herein, on information and belief, Defendant is and has

20  been engaged in the business of designing, manufacturing, constructing, assembling,

21  marketing, distributing, and selling automobiles, other motor vehicles, and motor vehicle

22  components throughout the United States of America.

23                                **JURISDICTION**

24         18.     This is a class action.

25         19.     Plaintiff and other class members are citizens of states different from the home

26  state of Defendant.

27         20.     On information and belief, aggregate claims of individual Class Members

28  exceed $5,000,000.00 in value, exclusive of interest and costs.

21.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

**VENUE**

22.     Volkswagen, through its business of distributing, selling, and leasing the Class Vehicles, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

23.     In addition, a substantial part of the events, omissions, or misrepresentations giving rise to these claims and a substantial part of the property that is the subject of this action are in this district.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

**FACTUAL ALLEGATIONS**

25.     On information and belief, since 2009, Volkswagen has designed, manufactured, distributed, sold, and leased the Class Vehicles.  Volkswagen has sold, directly or indirectly, through dealers and other retail outlets, hundreds or thousands of Class Vehicles throughout the United States.

26.     Volkswagen misrepresented the performance, fuel-efficiency, and emissions systems of the Class Vehicles and intentionally omitted from Plaintiff and Class Members its utilization of defeat devices in the Class Vehicles, which illegally manipulate the emissions control systems and misrepresent the Class Vehicles' emissions during emissions testing ("Emissions Manipulation").

27.     On information and belief, the Class Vehicles have the same emissions control systems and defeat devices, and the Emissions Manipulation is the same for all Class Vehicles.

28.     Volkswagen was aware of the Emissions Manipulation in the Class Vehicles. Volkswagen has a duty to disclose the Emissions Manipulation to Class Vehicle owners because, among other reasons, the defect poses an unreasonable safety hazard, and because Volkswagen had and has exclusive knowledge or access to material facts about the Class Vehicles and their emissions control systems that were and are not known or reasonably

discoverable by its customers.  Further, as alleged herein, Volkswagen actively concealed the Emissions Manipulation.

29.     On information and belief, Defendant's corporate officers, directors, or managers knew about the Emissions Manipulation and failed to disclose it to Plaintiff and Class Members, at the time of sale, lease, repair, and thereafter.

30.     Plaintiff and Class Members reasonably relied on the material information regarding the Emissions Manipulation that was omitted and not disclosed to Plaintiff and Class Members.

31.     Defendant has actively concealed and failed to disclose the Emissions Manipulation to consumers at the time of purchase or lease and thereafter.  As a result of this failure, Plaintiff and Class Members have been damaged.

**The Emissions Manipulation Poses an Unreasonable Safety Risk**

32.     The Emissions Manipulation renders the Class Vehicles unsafe because a proper emissions control system serves to ensure that the vehicle operates within federally-mandated emissions standards.  Due to Defendant's utilization of a defeat device, the Class Vehicles evade detection of its actual emissions, which are as much as 40 times the allowable amount of pollution and poses a risk to public health and safety.

**Volkswagen Had Exclusive Knowledge of the Emissions Manipulation**

33.     Volkswagen had superior and exclusive knowledge of the Emissions Manipulation, and knew or should have known that the defect was not known or reasonably discoverable by Plaintiff and Class Members before they purchased or leased the Class Vehicles.

34.     Plaintiff is informed and believe and based thereon allege that before Plaintiff purchased his Class Vehicles, Volkswagen knew about the Emissions Manipulation through sources not available to consumers.

35.     The alleged Emissions Manipulation problem was inherent in each Class Vehicle and was present in each Class Vehicle at the time of sale.

36.     The existence of the Emissions Manipulation is a material fact that a reasonable

consumer would consider when deciding whether to purchase or lease a vehicle.  The existence of the Emissions Manipulation is material in that the defect results in Class Vehicles not being in compliance with state and federal law.  Had Plaintiff and other Class Members known that the Class Vehicles had the Emissions Manipulation, he would not have purchased or leased the Class Vehicles or would have paid less for them.

37.     Reasonable consumers, like Plaintiff, expect that the emissions control systems in their vehicle will accurately display the vehicle's emissions during testing and at all other times, and that their vehicle will function in a manner that will not pose a public health hazard, and is free from defects.  Plaintiff and Class Members further reasonably expect that Volkswagen will not program its systems to misrepresent emissions data.  Plaintiff and Class Members did not expect Volkswagen to fail to disclose the Emissions Manipulation to them and to continually conceal the defect.

**Volkswagen Actively Concealed the Emissions Manipulation**

38.     While Volkswagen has been fully aware of the Emissions Manipulation in the Class Vehicles, it actively concealed the existence and nature of the defect from Plaintiff and Class Members at the time of purchase, lease, or repair and thereafter.  Specifically, Volkswagen failed to disclose or actively concealed at and after the time of purchase, lease, or repair:

(a)     any and all known material defects or material nonconformity of the Class Vehicles, including the defects relating to the emissions control systems;

(b)     that the Class Vehicles, including their emissions control systems, were not in good working order, were defective, and were not fit for their intended purposes; and

(c)     that the Class Vehicles and their emissions control systems were defective, despite the fact that Volkswagen knew of such defect through its intentional utilization of a defeat device as early as 2009, if not before.

**TOLLING OF THE STATUTE OF LIMITATIONS**

39.     Because the defeat device in the Class Vehicle causing the Emissions Manipulation cannot be detected, Plaintiff and Class Members were not reasonably able to discover the problem until a thorough investigation by the Environmental Protection Agency revealed the device.

40.     Plaintiff and Class Members had no realistic ability to discover the Emissions Manipulation.  Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and Class Members.

41.     Plaintiff is informed and believes and based thereon alleges that Volkswagen has known of the Emissions Manipulation since 2009, if not earlier, and has concealed from or failed to alert owners and lessees of the Class Vehicles of the Emissions Manipulation.

42.     Any applicable statute of limitation has therefore been tolled by Volkswagen's knowledge, active concealment (see also the Active Concealment section, *supra*), and denial of the facts alleged herein.  Volkswagen is further estopped from relying on any statute of limitation because of its concealment of the Emissions Manipulation.

**CLASS ACTION ALLEGATIONS**

43.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Plaintiff Classes pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

44.     The Class and Sub-Classes are defined as:

> **Class**:  All individuals in the United States who purchased or leased any Volkswagen or Audi vehicle equipped with a 2.0 liter TDI diesel engines  (the "Class").
>
> **Implied Warranty Sub-Class**:  All members of the Class who purchased or leased their vehicles in the State of California.

45.     Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers,

directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Classes should be expanded or otherwise modified.

46.     There is a well-defined community of interest in the litigation and each subclass is readily ascertainable.

47.     <u>Numerosity</u>: Although the exact number of prospective class members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of prospective class members' claims in a single action will provide substantial benefits to all parties and to the Court.  The prospective class members are readily identifiable from information and records in Defendant's possession, custody, or control, as well as from records kept by the departments of motor vehicles of the various states.

48.     <u>Typicality</u>: The claims of the representative Plaintiff is typical of the claims of all prospective class members in that the representative Plaintiff and the prospective class members purchased and leased a Class Vehicle designed, manufactured, and distributed by Volkswagen.  The representative Plaintiff, like all prospective class members, has been damaged by Defendant's misconduct in that they have incurred or will incur expenses as a result of the Emissions Manipulation.  Furthermore, the factual bases of Volkswagen's misconduct are common to all prospective class members and represent a common thread resulting in injury to all prospective class members.

49.     <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiff and the prospective class members that predominate over any question affecting individual prospective class members.  These common legal and factual issues include the following:

(a)     Whether Class Vehicles have been equipped with defeat devices, which

enhance Class Vehicles' performance and fuel efficiency by disabling the Class Vehicles' emissions control systems;

(b)  Whether the existence of defeat devices constitutes unlawful, fraudulent, and wrongful conduct on the part of Volkswagen;

(c)  Whether Volkswagen knew that the utilization of the defeat devices was unlawful and, if so, how long Defendant knew that the utilization of the defeat devices was unlawful;

(d)  Whether the utilization of the defeat devices constitutes a material fact;

(e)  Whether Defendant has a duty to disclose the utilization of defeat devices to Plaintiff and prospective class members;

(f)  Whether Plaintiff and the prospective class members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction;

(g)  Whether Defendant concealed and refused to disclose the defeat devices from purchasers and lessees of Class Vehicles before they sold and leased Class Vehicles to prospective class members;

(h)  Whether Defendant should be declared financially responsible for notifying all prospective class members of the problems with the Class Vehicles and for the costs and expenses of removing the defeat devices;

(i)  Whether Class Members will suffer loss once the defeat devices are removed or permanently disabled, and whether, and to what extent, Volkswagen is obligated to compensate Class Members for any and all losses; and

(j)  Whether Defendant breached the implied warranty of merchantability pursuant to the Song-Beverly Act.

50.  <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect prospective class members' interests.  Plaintiff has retained attorneys experienced in

prosecuting class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

51.     Superiority: Plaintiff and the prospective class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, prospective class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual prospective class members' claims, it is likely that only a few prospective class members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, prospective class members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200, *et seq.*)

52.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

53.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Class.

54.     As a result of their reliance on Defendant's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Emissions Manipulation, Plaintiff and Class Members were harmed and suffered actual damages.

55.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and

"unfair, deceptive, untrue or misleading advertising."

56.     Plaintiff and Class Members are reasonable consumers who expect that the emissions control systems in their vehicle will accurately display the vehicle's emissions during testing and at all other times, and that their vehicle will function in a manner that will pass federal and state environmental standards, and is free from such deceptive devices. Additionally, Plaintiff and Class Members expect that their vehicles will not utilize defeat devices to manipulate the vehicle's emissions in violation of federal and state regulations.

57.     Defendant knew the Class Vehicles utilized defeat devices to evade detection of illegal emissions and thus suffered from defects, and were not suitable for their intended use.

58.     In failing to disclose the defeat devices, Defendant has knowingly and intentionally concealed material facts and breached their duty not to do so.  Defendant further intentionally misrepresented material facts about the vehicle and its emissions, and engaged in fraud.

59.     As a result of Defendant's affirmative misrepresentations, the class and general public have been put at a greater health risk due to increased emissions.

60.     On information and belief, Plaintiff and class members will be forced to reduce their vehicle's performance and efficiency in order to bring their vehicles in line with emissions standards.

61.     The harm of Defendant's conduct alleged herein outweighs its social utility, in that misrepresenting and fraudulently manipulating emissions data poses a health risk to Plaintiff, the class, and the public, without any countervailing benefit at all.

62.     Defendant was under a duty to Plaintiff and Class Members to disclose the utilization of defeat devices in the Class Vehicles:

> (a)     Defendant was in a superior position to know the true state of facts about the manipulation of the Class Vehicles' emissions control systems;
>
> (b)     Defendant made disclosures about the quality of the Class Vehicles, along with the Class Vehicles' purported fuel economy and representations that the Class Vehicles complied with federal and state environmental

standards, without revealing the true nature of the Class Vehicles due to installation of the defeat devices; and

(c)     Defendant actively concealed the Emissions Manipulation of the Class Vehicles and the utilization of defeat devices from Plaintiff and the Class.

63.     Moreover, Defendant was under a duty to accurately state emissions information, and to program its vehicles to do so when tested.

64.     The facts Defendant concealed from or did not disclose to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Class Vehicles. Had Plaintiff and other Class Members known about the Emissions Manipulation and that it posed a significant safety hazard, then Plaintiff and the other Class Members would not have purchased or leased the Class Vehicles, or would have paid less for them.

65.     Defendant continued to conceal the defective nature of the Class Vehicles and their emissions control systems until revealed by the Environmental Protection Agency in September 2015. Indeed, Defendant continues to conceal the true nature of the problem.

66.     Defendant's conduct was and is likely to deceive consumers.

67.     Defendant's acts, conduct and practices were unlawful, in that they constituted:

(a)     Violations of federal law, including the Clean Air Act;

(b)     Violations of California law, including state laws governing vehicle emissions and emission testing requirements; and

(c)     Violations of the Song-Beverly Consumer Warranty Act.

68.     By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

69.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

70.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

71.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*)**

72.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

73.     Plaintiff brings this cause of action against Defendant on behalf of himself and on behalf of the members of the Implied Warranty Sub-Class.

74.     Defendant was at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles. Defendant knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

75.     Defendant provided Plaintiff and Class Members with an implied warranty that the Class Vehicles and their components and parts are merchantable and fit for the ordinary purposes for which they were sold.

76.     Defendant impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use. This implied warranty included, among other things: (i) a warranty that the Class Vehicles manufactured, supplied, distributed, and/or sold by Volkswagen were safe and reliable for providing transportation; (ii) a warranty that the Class Vehicles would be fit for their intended use while the Class Vehicles were being operated on public roads in the United States; and (iii) met EPA emissions standards.

77.     Contrary to the applicable implied warranties, the Class Vehicles, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with reliable, durable, and safe transportation. Instead, the Class Vehicles are defective, including, but not limited to, the illegal utilization of defeat devices that manipulate the emissions control systems.

78.     As a result of Defendant's breach of the applicable implied warranties, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Emissions Manipulation, Plaintiff and Class Members were harmed and suffered actual damages.

79.     Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

### RELIEF REQUESTED

80.     Plaintiff, on behalf of himself and all others similarly situated, request the Court to enter judgment against Defendant, as follows:

(a)     An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

(b)     A declaration that Defendant is financially responsible for notifying all Class Members about the misrepresentations made with respect to the emissions systems of the Class Vehicles equipped with 2.0 liter TDI diesel engines;

(c)     An order enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to Class Vehicles; compelling Defendant to issue a recall for the Class Vehicles pursuant to the applicable NHTSA guidelines; compelling Defendant to remove and/or permanently disable the Class Vehicles' components causing the Emissions Manipulation; enjoining Defendant from selling the Class Vehicles with the misleading information; and/or compelling Defendant to reform their warranty, in a manner deemed to be appropriate by the Court, to cover the injury alleged and to notify all Class Members that such warranty has been reformed;

CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| | (d) | A declaration requiring Defendant to comply with the various provisions of the Song-Beverly Act alleged herein and to make all the required disclosures; |
| | (e) | An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial; |
| | (f) | Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code section 1794; |
| | (g) | A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits they received from the sale or lease of its Class Vehicles, or make full restitution to Plaintiff and Class Members; |
| | (h) | An award of attorneys' fees and costs, as allowed by law; |
| | (i) | An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; |
| | (j) | An award of pre-judgment and post-judgment interest, as provided by law; |
| | (k) | Leave to amend the Complaint to conform to the evidence produced at trial; and |
| | (l) | Such other relief as may be appropriate under the circumstances. |

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: September 22, 2015                    Respectfully submitted,


By: /s/ Jordan L. Lurie
Jordan L. Lurie
Robert Friedl
Tarek H. Zohdy
Cody R. Padgett

Attorneys for Plaintiff Paul Karcsay